Dear Representative McDonald:
Your opinion request asked the following question with regard to the business records of public hospitals.
 (1) Are the accounts receivable records of a public hospital open to inspection?
 (2) Can a citizen examine the individual debts to the hospital owed by patients, only as to the dollar amount of that indebtedness?
Initially, we note that, subject to the exceptions provided by law, the patient records in public hospitals are not public records for purposes of public examination.
LA R.S. 44:7 A provides in part:
 A. Except as provided in Subsection B, C, and E hereof, the charts, records, reports, documents, and other memoranda prepared by physicians . . . and employees in the public hospitals of Louisiana . . . are exempt from the provisions of this chapter. [The Public Records Law].
LA R.S. 13:3734 also provides a privilege, subject to the exceptions set forth therein, for communications and records concerning a health care provider and a patient.
It is clear that medical records are confidential and not subject to examination except under circumstances set forth by statute, such as ongoing litigation or preparation for litigation. Your question, however, deals with only the financial records of a patient, namely the records of how much a patient was billed and still owes to a public hospital. To have any hope of examination, these records must be capable of severance from the underlying medical information giving rise to the debt, the medical information clearly being protected. If this can be accomplished, the question then becomes, are these financial records alone subject to disclosure to the general public. Louisiana Consumer Credit Laws govern the situation regarding accounts receivable records of public hospital patients. LA R.S. 3516 entitled Definitions, provides as follows:
 (10) "Consumer" means a natural person who purchases goods, services, or . . . for a personal, family, household . . . purpose. . . .
A hospital patient is a "consumer" of health care services.
Part XIII of the State's Consumer Credit Law entitled: Disclosure of Personal Credit Information provides in part as follows:
 LA R.S. 9:3571 Dissemination of specific credit information; requirements; penalties
 A. Notwithstanding any other provision of law to the contrary, except R.S. 9:151 et seq., no savings and loan association, or company issuing credit cards, or business offering credit shall disseminate specific information to any person relating to dates, amounts, numbers, places, or any other record of information concerning receipts, expenditures or other financial or credit transactions of its customers, except pursuant to a subpoena duces tecum or other valid and enforceable order issued by a federal agency, a congressional committee, the legislature of this state, or a federal or state court, and then only if: (Emphasis added).
In our opinion, the phrase "or business offering credit" must be interpreted to include public as well as private hospitals for purposes of disclosing information regarding financial or credit transactions. An exception contained in Section E thereof allows law enforcement agencies access to this information and states as follows:
 E. This Section shall not apply to any request by a law enforcement agency for information sought in connection with an investigation of any alleged crime other than an investigation into a crime which constitutes a violation of federal, state, or municipal tax law.
Considering the above, it is the opinion of this office that accounts receivable information regarding patients at public hospitals is confidential and only subject to disclosure in the specific instances provided by law. It is not available to the general public.
Trusting the above answers your questions. We remain
Your very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES M. ROSS Assistant Attorney General
JMR/vls-0501e